# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| LINDSEY PICKLE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | NO. 3:16-cv-01202 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| BRANCH BANKING AND TRUST COMPANY, | ) | MAGISTRATE JUDGE BROWN |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment. (Doc. No. 28). Plaintiff filed a Response in Opposition (Doc. No. 32) and Defendant filed a Reply. (Doc. No. 34). For the reasons discussed below, Defendant's Motion for Summary Judgment is **GRANTED**.

### I. FACTUAL BACKGROUND

Plaintiff Lindsey Pickle asserts claims against Defendant Branch Banking and Trust Company based on events related to mortgage payments following the purchase of real property in May 2006, and foreclosure on that property in April 2015. (Doc. No. 1-1). Specifically, Plaintiff asserts claims against Defendant including violation of the Tennessee Consumer Protection Act, fraud, breach of duty of good faith and fair dealing, violation of the Fair Credit Reporting Act, and wrongful foreclosure. (*Id.*).

Plaintiff purchased property located at 5845 Nolensville Pike, Unit 524, Nashville, Tennessee 37211 (the "Property") subject to a Deed of Trust and Note in the Amount of $123,200.00. (Doc. No. 32). Plaintiff's original lender was Platinum Mortgage, who sold the loan to Defendant on September 30, 2008. (*Id.*). Plaintiff alleges that with the exception of one month, she made all payments on a timely basis through September 2011, and that the issues surrounding

this case began with the payment of property taxes by Defendant and escrowing regarding the same in 2011. (*Id.*).

Defendant contends an improper identification of the Property's parcel number caused it to pay Plaintiff's 2009 and 2010 property taxes to the incorrect unit. (Doc. No. 29). Once Defendant discovered this error, it contends the payments were refunded and it paid the taxes to the proper unit number. (*Id.*). Plaintiff alleges that in correcting the tax issues, Defendant reversed out one of her mortgage payments and began to erroneously report her as delinquent to the credit agencies. (Doc. Nos. 1-1, 32). Plaintiff contends she complained about the error but Defendant refused to correct the mistakes. (*Id.*).

In early 2013, Plaintiff applied for a loan modification to enable her to make her mortgage payments. (Doc. No. 32). The modification was approved in March 2013, but because Plaintiff did not sign the agreement until after the modification offer letter's deadline, Defendant was not obligated to move forward with the modification. (*Id.*). A July 2013 email indicates Plaintiff and Defendant employee Theresa Wyndham then agreed to a payment plan. (*Id.*). Attached to Ms. Wyndham's July 2013 email to Plaintiff is a copy of the Repayment Agreement, providing in part: "Please note that your mortgage loan will still be reported delinquent while on the repayment plan. When your mortgage loan is current, the adjusted monthly payment will revert to the monthly payment as required by your original mortgage loan agreement." (*Id.*).

Defendant alleges that sometime after Plaintiff entered into the 2013 Repayment Agreement, she got behind on her payments and was over $4,000 behind by October 2014. (Doc. No. 29). Plaintiff contends she attempted to make payments on the loan but Defendant would not accept them. (Doc. No. 32). Defendant argues that as a result of Plaintiff's delinquency, it was unable to accept any payments less than the total amount due. (Doc. No. 29). Thus, in October

2014, Defendant returned a $700 payment made by Plaintiff. (*Id.*). After this payment was returned, Defendant contends Plaintiff "gave up" on paying her mortgage loan and did not attempt to make any further payments. (*Id.*). As a result, Defendant initiated foreclosure on the Property in April 2015, which is the subject of the instant lawsuit.

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks,* 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In evaluating a motion for summary judgment, the court views the facts in the light most favorable for the nonmoving party, and draws all reasonable inferences in favor of the nonmoving party. *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015); *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the Court determines whether sufficient evidence has been presented to make the issue of material fact a proper jury question. *Id.* The mere scintilla of evidence in support of the nonmoving party's position is insufficient to survive summary judgment; instead, there must be evidence of which the jury could reasonably find for the nonmoving party. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

### III. ANALYSIS

#### A. Tennessee Consumer Protection Act

Plaintiff claims Defendant violated the Tennessee Consumer Protection Act ("TCPA"), specifically Tenn. Code Ann. § 47-18-104(b)(12) by unfairly attempting to proceed with a foreclosure on Plaintiff's home, inducing Plaintiff to enter into a modification agreement, and erroneously reporting Plaintiff's payments to credit bureaus. (Doc. No. 1-1). Defendant argues in its motion for summary judgment that Plaintiff's TCPA claim should be dismissed because the TCPA does not apply to foreclosure suits and because she failed to plead the claim with particularity as required under Fed. R. Civ. P. 9. (Doc. No. 29). Plaintiff's response does not address either argument. (Doc. No. 32).

As an initial matter, the Court construes Plaintiff's failure to respond to Defendant's arguments as an abandonment of his TCPA claim. *See Brown v. VHS of Michigan, Inc.*, 545 F. Appx. 368, 372 (6th Cir. 2013) ("This Court's jurisprudence on abandonment of claims is clear: a plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment.").

Even if Plaintiff had responded appropriately to Defendant's motion, Plaintiff's TCPA claim would still fail because the TCPA does not apply to wrongful foreclosure actions or loan modification claims. *Layne v. Ocwen Loan Servicing, LLC*, 2018 WL 1524608, at *3 (E.D. Tenn. Mar. 28, 2018) ("Courts have consistently held that 'the TCPA is inapplicable to loan modification proceedings . . .'"); *Vaughter v. BAC Home Loans Servicing, LP*, 2012 WL 162398, at *6 (M.D. Tenn. Jan. 19, 2012) ("[T]he TCPA does not apply to mortgage foreclosures."); *Launius v. Wells Fargo Bank, N.A.*, 2010 WL 3429666, at *6 (E.D. Tenn. Aug. 27, 2010) ("[W]hen a debtor defaults on a mortgage payment, and the mortgage holder forecloses upon the collateral that secured the

4

loan . . . the TCPA does not apply."). Accordingly, Plaintiff's TCPA claim fails as a matter of law, and Defendant's motion for summary judgment on this claim is **GRANTED**.[1]

B. **Fraud in the Inducement of the Loan Modification**

Plaintiff claims Defendant fraudulently induced her to complete a loan modification by falsely representing her loan status merited foreclosure proceedings and a loan modification would remedy this status. (Doc. No. 1-1). Defendant argues Plaintiff's fraudulent inducement claim should be dismissed because she failed to plead it with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. (Doc. No. 29). Plaintiff's response does not address Defendant's argument. (Doc. No. 32).

Rule 9(b) provides that "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy this requirement, Plaintiff's complaint, at a minimum, must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008). "Generalized and conclusory allegations that the Defendants' conduct was fraudulent do not satisfy Rule 9(b)." *Bovee v. Coopers & Lybrand C.P.A.,* 272 F.3d 356, 361 (6th Cir.2001). *See also Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 406 (6th Cir. 2012) ("The courts have uniformly held inadequate a complaint's general averment of the defendant's 'knowledge' of material falsity, unless the complaint *also* sets forth specific facts that make it reasonable to believe that defendant knew that a statement was materially false or misleading.") (quoting *Greenstone v. Cambex Corp.*, 975 F.2d 22, 25 (1st Cir. 1992)).

---

[1] Given the dismissal of Plaintiff's TCPA claim for the reasons stated, it is unnecessary to address Defendant's argument Plaintiff failed to plead her TCPA claim with particularity.

Although Plaintiff refers to each element of a fraud action in her complaint, her allegations are conclusory and lack the particularity required under Rule 9(b). Plaintiff does not identify the speaker, the time, or the place of the alleged fraudulent statements, nor does she provide any details surrounding the specific statements she alleges were false and induced her to enter into the loan modification. Because Plaintiff's generalized allegations surrounding her fraudulent inducement claim do not satisfy the requirements of Rule 9(b), Defendant's motion for summary judgment on this ground is **GRANTED**.

### C. Fraud by Virtue of Erroneous Credit Reporting

Plaintiff claims Defendant acted fraudulently by erroneously and continuously reporting Plaintiff's loan status as late, causing Plaintiff to be denied credit for an automobile purchase and dental care. (Doc. No. 1-1). In its motion for summary judgment, Defendant argues Plaintiff's claim, though couched as "fraud by virtue of erroneous credit reporting," is actually a claim for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. Defendant argues Plaintiff's claim must fail because she lacks a private right of action to bring a FCRA claim against Defendant, and because such a claim is time-barred under the FCRA. (Doc. No. 29). Plaintiff's response does not address either of Defendant's arguments. (Doc. No. 32).

As stated previously, the Court construes Plaintiff's failure to respond to Defendant's arguments as an abandonment of this claim. *Brown,* 545 F. Appx. at 372. Further, because Plaintiff does not dispute Defendant's assertion that her "fraud by virtue of erroneous credit reporting" claim falls within the FCRA, the Court construes it as such.

Even if Plaintiff had not abandoned her FCRA claim by failing to respond to the arguments raised in Defendant's motion for summary judgment, the claim still fails because she does not possess a private right of action against Defendant under the FCRA. The FCRA limits enforcement

6

of 15 U.S.C. § 1681s-2(a) (regarding the duty to provide accurate information to consumer reporting agencies) to certain federal and/or state officers, not private actors like Defendant. 15 U.S.C. § 1681s-2(d); *Carney v. Experian Information Solutions, Inc.*, 57 F. Supp. 2d 496, 502 (W.D. Tenn. 1999). Accordingly, because Plaintiff has no private right of action against Defendant, her FCRA claim fails and Defendant's motion for summary judgment on this ground is **GRANTED**.[2]

### D. Breach of Duty of Good Faith and Fair Dealing

Plaintiff alleges Defendant breached its implied covenant of good faith and fair dealing, and caused Plaintiff to lose significant equity in her home. (Doc. No. 1-1). Defendant argues this claim should be dismissed because Plaintiff failed to assert a related breach of contract claim. (Doc. No. 29). Plaintiff's response does not address Defendant's argument. (Doc. No. 32).

The Court construes Plaintiff's failure to respond to Defendant's argument as an abandonment of this claim. *Brown,* 545 F. Appx. at 372. Even if Plaintiff had responded, this claim still fails because breach of the implied covenant of good faith and fair dealing is not an independent basis for relief; it must accompany a valid breach of contract claim. *Thomas v. Meharry Medical College*, 1 F. Supp. 3d 816, 829 (M.D. Tenn. 2014) (citing *Shah v. Racetrac Petroleum Co.*, 338 F.3d 557, 572 (6th Cir. 2003)). Because Plaintiff does not assert a valid breach of contract claim against Defendant, her claim for breach of the implied covenant of good faith and fair dealing fails. Defendant's motion for summary judgment on this claim is **GRANTED**.

### E. Wrongful Foreclosure

Finally, Plaintiff brings a claim for wrongful foreclosure against Defendant, alleging it failed to provide her proper notice before foreclosing on the Property. (Doc. No. 1-1). Defendant

---

[2] Given the dismissal of Plaintiff's FCRA claim on this basis, it is unnecessary to address Defendant's statute of limitations argument.

argues this claim should be dismissed because "wrongful foreclosure" is not a specific cause of action in Tennessee, and because Defendant complied with Tenn. Code Ann. § 35-5-101 and properly noticed and conducted the foreclosure. (Doc. No 29). Plaintiff's response does not specifically address Defendant's argument. (Doc. No. 32). However, Plaintiff reiterates in her response to Defendant's statement of undisputed material facts that Defendant did not provide the proper foreclosure notice required under Tenn. Code. Ann. § 35-5-101, [3] and failed to produce evidence of her receipt of the certified mailing. (*Id.*). Plaintiff argues Defendant was aware she was represented by an attorney and did not attempt to contact Plaintiff through her attorney regarding the sale. (*Id.*).

While Tennessee does not have specific elements for a wrongful foreclosure cause of action, "Tennessee courts generally examine whether contractual or statutory requirements were met in the foreclosure of the property in question." *Ringold v. Bank of Am. Home Loans*, 2013 WL 1450929, at *6 (W.D. Tenn. Apr. 9, 2013). "A party asserting wrongful foreclosure may seek one of two mutually exclusive remedies – either damages at law or having the foreclosure sale set aside in equity." *Ogle v. U.S. Bank Nat'l Ass'n for Residential Asset Sec., Corp.*, 2018 WL 1324137, at *3 (E.D. Tenn. Mar. 14, 2018). In this instance, Plaintiff seeks damages at law.

In regards to adequate notice of foreclosure, Tenn. Code Ann. § 35-5-101 requires that "[i]n any sale of land to foreclose a deed of trust, mortgage or other lien securing the payment of money or other thing of value or under judicial orders or process, advertisement of the sale shall be made at least three (3) different times in some newspaper published in the county where the sale is to be made." Tenn. Code Ann. § 35-5-101(a). The first publication in the newspaper must

---

[3] In her Complaint, Plaintiff also alleges Defendant violated the requirements of Tenn. Code Ann. § 35-5-117. This section, however, was repealed in January 2013. Plaintiff does not argue further any violation of Tenn. Code Ann. § 35-5-117 in her response to Defendant's motion for summary judgment.

8

be at least twenty days before the sale. Tenn. Code Ann. § 35-5-101(b). Additionally, "on or before the first date of publication[,]" the trustee "shall send to the debtor and any co-debtor a copy of the notice" to be published in the newspaper "by registered or certified mail, return receipt requested." Tenn. Code Ann. § 35-5-101(e). The notice must be mailed to the mailing address of the property subject to foreclosure and the last known mailing address or other address designated in writing by the debtor at least 30 days prior to the first date of publication, if different from the address of the property to be foreclosed. Tenn. Code Ann. § 35-5-101(e)(1).

In this case, the Court finds Defendant complied with the statutory notice requirements of Tenn. Code Ann. § 35-5-101. Wilson & Associates, PLLC – the successor trustee Defendant appointed to effectuate the foreclosure – directed a notice of trustee's sale to be placed in The Ledger in Nashville, Tennessee on March 6, 13, and 20, 2015, which directed that the sale would take place on April 1, 2015, at 10:00 a.m. at Bridgestone Arena in Nashville, Tennessee. (Doc. No. 29). Wilson & Associates also sent letters regarding the Property's foreclosure to: (1) the Property's address at 5845 Nolensville Road, Nashville, TN 37211; (2) the Property's homeowner's association at 330 Commerce St., Suite 110, Nashville, TN 37201; and (3) the most recent address provided by Plaintiff to Defendant at 912 Emmett Avenue, Nashville, TN 37206. (*Id.*). In doing so, Wilson & Associates, and thus Defendant, complied with the requirements of Tenn. Code Ann. § 35-5-101.

Though Plaintiff may have preferred a different method of notice, the law does not require Defendant to do more. Because the Court finds Defendant provided adequate notice of the foreclosure proceedings as required by Tenn. Code Ann. § 35-5-101, Plaintiff's wrongful foreclosure action fails as a matter of law and Defendant's motion for summary judgment on this claim is **GRANTED**.

It is so **ORDERED**.

*William L. Campbell Jr.*
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE